Barney, Judge,
delivered the opinion of the court.
The claimant was a rear-admiral in the Navy of the nine higher numbers in that grade, and on the 25th day of December 1904 was performing duty at Honolulu, Hawaii, as commandant at that station. He became 62 years of age December 28, 1904, upon which date he was to be retired pursuant to section 1444, Kevised Statutes. Preliminary to such retirement he was detached from duty at Honolulu and directed to proceed to his home by the following order:
“Navy Department,
“September. £6, 1901.
“On December 25th, 1904, you will regard yourself detached from duty as' commandant of the naval station, Honolulu, H. T., and from such, other duty as may have been assigned you, and will proceed' to your home in the United States. , • .
*960 “You are authorized to delay your arrival- home until about April 15th, 1905.
“Immediately upon your arrival home, report your local address in full, and the date of your arrival, -to the Bureau of Navigation; see Articles 240 and 241, Navy Regulations, 1900.”
The claimant left Honolulu December 27, 1904, on the first steamer sailing for the United States, arriving in San Francisco January 2, and at his- home, Annapolis, Md., January 7, 1905.
On December 28, 1904, while claimant was en route to the United States pursuant to said order, he was, by order of the President, .placed on the retired list. For December 26 and 27, 1904, during which time claimant was awaiting passage after his detachment from duty as stated, he was paid at the rate of $6,375 per year, the same being the shore pay of his grade, and from December 28, 1904, the date of his retirement, until January 7, 1905, the date when he arrived at his home .in Annapolis, he was paid at the rate of $5,625 per .year, that being the retired pay of his grade.
The claimant contends that for the period of December 26 and 27, 1904, he was entitled' to the full pay of his grade, with 10 per cent increase for service at a foreign station; and from December'28, 1904, to January 2, 1905, inclusive, he was entitled to receive the full pay of his grade plus 10 per cent, claiming that during that time he was on active duty returning to the United States; and from January 3 to January 7, 1905, inclusive, he was entitled to receive the full pay of his grade, less 15 per cent, for shore duty within the limits of the United States.
There can be and is no dispute in this case as to the rate of pay of the claimant, if his status in the service is as above contended, and that rate is as claimed. The issue in this case then is, What was the status in the service of the claimant from the date of his detachment from duty at Honolulu, December 25, 1904, until his arrival at his home at Annapolis, January 7, 1905?
The pay to which the claimant is entitled for the two days between December 25, 1904, the date of his detachment from duty at Honolulu, and December 28, 1904, the date of his retirement, is settled by the decision of this court in the *961 case of McCully v. United States, 42 C. Cls. R., 275, and requires no discussion here. 'Under that decision, for those two days he was entitled to receive the full pay of his grade plus 10 per cent, which would be $10.27 more than the amount paid him.
In determining the claimant’s status in the service from December 28, 1901, the date of his retirement, while en route to his home pursuant to the order above quoted, until his arrival at San Francisco, January 2, 1905, and home at Annapolis, January 6 [7], 1905, the following statutes appear to govern.
The provision of the Revised Statutes as to retirement of naval officers is as follows: ' 1
“Sec. 1444. When any officer below the rank of vice-admiral is sixty-two years old, he’ shall, except in the case provided in the next section, be retired by the President from active service.”
' Section 1592, Revised Statutes, provides:
“Officers on the retired list, when on active duty, shall receive the full pay of their respective grades.”
The act of June 7, 1900 (31 Stats. 703), provides in part as follows:
“During a period of twelve years from the passage, of this act any naval officer on the retired list may, in .the discretion of the Secretary of the Navy, be ordered to such duty as he may be able to perform at sea or on shore, and while so employed shall receive the- pay and allowances of an officer of the active list of the grade from which he was retired.”
It is the contention of the claimant that the above order of September 26, 1904, issued by the Secretary of the Navy, was in effect an order assigning him to duty after retirement pursuant to the act of June 7, 1900, supra, and hence entitled him to the full pay of his grade plus 10 percent until his arrival at San Francisco, under the McCully case, and thereafter to the full pay of his grade less 15 percent, for shore duty, until his arrival home.
There appears to us to be nothing in this case requiring the court to give a liberal construction to the statutes 'quoted. On the contrary, we think they should be construed in strict accordance with their terms. The act of June 7, 1900, says:
*962 “Any naval officer on the retired list may, in tbe discretion of the Secretary of the Navy, be ordered to such duty”, etc.
Now, at the time the order in question was issued the claimant was not upon the retired list, and did not become so until several months later.. An order of the President placing an officer of the Navy upon- the retired list pursuant to section 1444 changes the status of such officer wherever he may be and whatever duty he may be performing ; and thereafter he is entitled to retired pay only, unless such status is changed by some subsequent order of the Secretary of the Navy pursuant to the act of June 7, 1900. It majr be that the Secretary of the Navy, under this statute, might issue a preliminary order in terms assigning an officer to duty after retirement, but such order should be certain in its terms, and not given that effect by strained construction.
The act says that “he may be ordered to such duty as he may be able to perform at sea or on shore”, etc., which clearly implies some active duty in the naval service and not merely the taking of more than three months’ time to go home, as the order given allowed the claimant. The order in terms detached the claimant from duty at Honolulu, and also from such other duty as might have been assigned to him, this order to take effect three days before the time when it would be the duty of the President to retire him. Then he was ordered to proceed home, and given nearly four months to do so. It is clear to our minds that while so doing the claimant was not “on duty” within the meaning of section 1592, Revised Statutes, or of the act of June 7, 1900.
What may have been the purpose and effect of the order of September 26, 1904, it is not necessary for us to determine, and we only decide as to what was not its effect in this case.
It follows from the foregoing that the claimant is entitled to a judgment for $10.27, and it is so ordered.
. HowRY, Judge, was not present when this case was tried, and took no part in its decision.