Moss, Judge,
delivered the opinion of the court:
Plaintiff, Thomas L. Morrow, while on'duty as a lieutenant, United States Navy, in the United States Pharmacist Mates’ School, which was connected with the Norfolk Naval Hospital, became seriously ill on April 8, 1925, and from that date until April 27,1925, was confined to his quarters under the care and treatment of naval medical officers attached to the hospital. On his own application plaintiff was granted a leave of absence for six days, commencing April 27, 1925. He proceeded at once to his home at Me-bane, N. C. His condition becoming worse he was removed to a civilian hospital at Durham, N. C., on April 30, 1925, where he remained until May 8, 1925. This action is for the recovery of the amount expended by plaintiff for hospi *38 tal and medical treatment at that institution. If plaintiff is entitled to recover he should receive $610.55.
On April 30, 1925, immediately upon plaintiff’s arrival at the hospital at Durham the commanding officer at Norfolk canceled the remainder of plaintiff’s leave of absence. It ¿s the contention of plaintiff that the cancellation of the leave of absence automatically restored his duty status and brings his claim within the operation of section 1586, Revised Statutes, which reads as follows:
“ Expenses incurred by any officer of the Navy for medicines and medical attendance shall not be allowed unless they were incurred when he was on duty, and the medicines could aiot have been obtained from naval supplies, or the attendance of a naval medical officer could not have been had.”
The court is unable to agree with plaintiff’s theory. In order to be entitled to reimbursement in this case it must be shown that plaintiff was in a duty status. On and after April 27, 1925, when plaintiff left the Norfolk Naval Hospital he was on leave of absence, and was actually absent from his station or post of duty. The mere cancellation of the leave of absence on April 30, 1925, could not reasonably be construed as restoring the duty status. The language of the statute is plain and free from ambiguity. Its purpose and intention are equally clear. The Government maintains well-equipped hospitals at posts and stations, with medical supplies, and a corps of efficient and capable medical officers. An officer, or other member of the service, in the Army or Navy, when on duty at such posts or stations, is entitled to medicines and to medical treatment free of charge. If'on detached duty at a place where such medicines and treatment were not available he might be reimbursed for necessary expenditures for such service. In no circumstances is he entitled under the law to reimbursement unless such expenses were incurred when he was on duty. To have ordered plaintiff to his post of duty at the Norfolk Naval Hospital at the time of the cancellation of the leave of absence would have been a vain thing. He was a desperately sick man, completely incapable of performing any service whatever, and had been in that condition since April 8, 1925. Conscious of the imminent need for medicines and medical treatment, *39 and chargeable with a knowledge of the law and regulations affecting his rights in the premises, he voluntarily removed himself from a naval hospital where every reasonable facility for his treatment obtained, and went to his home at Mebane, N. C., beyond the reach of the medical officers and the medicinal supplies of the Navy. Plaintiff’s claim does not come within the meaning and intent of the statute, and he is not entitled to recover, and it is so ordered.
Gkaham, Judge; Booth, Judge; and Campbell, Ohief Justice, concur.