Littleton, Judge,
delivered the opinion of the court:
Section 1453 of the Revised Statutes provides as follows:
When a retiring board finds that an officer is incapacitated for active service, and that his incapacity is the result of an incident of the service, such officer shall, if said decision is approved by the President, be retired from active service with retired pay, as allowed by Chapter Eight of this Title.
*380 In view of the positive provisions of that section that an officer shall he retired from, active service when the President approves the decision of the retiring board, we see no escape from the conclusion that the officer was in fact retired from active service on the date of the President’s order. The time subsequently spent undergoing treatment at the hospital pursuant to orders previously issued for that purpose cannot be considered as service performed on the active list and cannot be counted for longevity purposes to increase the retired pay. In Terry v. United States, No. 28148, decided March 30, 1908 (81 C. Cls. 958), this court said:
* * * An order of the President placing an officer of the Navy upon the retired list * * * changes the status of such officer wherever he may be and whatever duty he may be performing; and thereafter he is entitled to retired pay only, unless such status is changed by some subsequent order of the Secretary of the Navy. * * * It may be that the Secretary of the Navy might issue a preliminary order in terms assigning an officer to duty after retirement, but such order should be certain in its terms and not given that effect by strained construction.
Plaintiff was in a retired status on and after July 20, 1926, when the President approved the decision of the retiring board and ordered the plaintiff placed on the retired list. No orders of any kind were subsequently issued giving plaintiff an active-duty status after retirement. This court is not at liberty to change the record. Rogers v. United States, 59 C. Cls. 464. It has been uniformly held that in the absence of orders prior to retirement definitely assigning an officer to duty after retirement, or orders issued subsequent to retirement for performance of active duty, an officer’s active-duty pay ceases on the date on which he was ordered to be placed on the retired list. 17 Comp. Dec. 533, 536; 18 Comp. Dec. 747, 750; 32 Atty. Gen. Op. 176, 178.
Retirement constitutes a change of status and is, by reason of the mandatory provisions of section 1453 of the Revised Statutes, effective on the date the action is taken by the President, unless some other date is fixed in the order. Since only service performed in an active-duty status may be counted for increased pay, plaintiff’s right to active-duty *381 pay and credit for longevity incident thereto under the orders of June 25, 1926, to proceed home and await orders upon being discharged from treatment at the hospital, was modified by the order of July 26, 1926, transferring him to the retired list from the date of the President’s action on July 20,1926. For these reasons the plaintiff cannot recover and the petition must be dismissed. It is so ordered.
Whalbt, Judge; Williams, Judge; Green, Judge; and Booth, Chief Justice, concur.