Whaley, Judge,
delivered the opinion of the court.
On June 3, 1926, the plaintiff was appointed an ensign in the United States Navy. He was promoted to Lieutenant, Junior Grade, on June 3, 1929. He served continuously on active duty until July 1, 1936. On April 2, 1936, the Naval Retiring Board found that plaintiff was permanently incapacitated for active service by reason of pyschoneurosis, neurasthenia, due to an incident of the service. On May 26, 1936, the Secretary of the Navy submitted the findings of the Board to the President with the recommendation that they be approved “effective July 1, 1936, and that Lieutenant (J. G.) James A. Greenwald, Jr., U. S. Navy, on said date be retired from active service and placed on the retired list in conformity with the provisions of U. S. Code, Title 34, section 417.” The findings of the Retiring Board and the recommendation of the Secretary of the Navy were approved by the President on May 27, 1936. On June 6, 1936, the plaintiff was advised of the findings of the Retiring Board by the Bureau of Navigation; that the President had approved the findings; and that on July 1, 1936, in accordance with the direction of the President, he should regard himself as having been transferred to the retired list.
The sole question in this case is whether the plaintiff was retired July 1, 1936, the date contained in the recommendation of the Secretary of the Navy which the President, approved, or May 27, 1936, the date upon which the President affixed his signature to the approval of the decision of the Retiring Board.
Section 1453 of the Revised Statutes reads as follows:
When a retiring board finds that an officer is incapacitated for active service, and that his incapacity is the result of an incident of the service, such officer shall, if said decision is approved by the President,, be retired from active service with retired pay.
The defendant contends that, under this section of the statute, retirement took place immediately upon the approval by the President of the recommendation of the Retiring Board and not upon the date fixed in the recommendation of the Secretary of the Navy as approved by the President. In other words, that the Board had no power to- *267 recommend and the President had no power to fix a future-, date for retirement, and that, where an officer was found to-be permanently incapacitated as the result of an incident of' the service, he was automatically retired when the President., approved the recommendation.
Section 1452 of the Revised Statutes reads as follows:
A record of the proceedings and decision of the board in each case shall be transmitted to the Secretary of the-Navy, and shall be laid by him before the President for-his approval or disapproval, or orders in the case.. [Italics ours.]
Section 1448 of the Revised Statutes gives the President, discretion, when, in his judgment, an officer is incapacitated-, to perform the duties of his office, to refer the case to the-Retiring Board.
We can find nothing in these sections of the Statutes to prohibit the President, upon the recommendation of the-Retiring Board, from fixing the date of retirement after the date on which he signs the recommendation of the Board... The whole intent and meaning of these sections is to place the decision with the Retiring Board as to the physical incapacity of the officer and on what date he should be retired. Section 1452 of the Revised Statutes allows the-President to approve, or disapprove, or issue orders in the case when the decision of the Board is transmitted to-him by the Secretary of the Navy. The act does not give to an officer the right of retirement but places within the-, discretion of the President whether or not an officer should, be retired for permanent incapacity and when he should be retired. In Holland v. United States, 83 C. Cls. 376, this, court held:
Retirement constitutes a change of status and is, by reason of the mandatory provisions of section 1453 of"' the Revised Statutes, effective on the date the action is. taken by the President, unless some other date is fixed in the order.
This case is clearly distinguishable from the case of Terry v. United States, 81 C. Cls. 958. In that case the plaintiff was retired because of the age limit fixed in the statute which was the date of retirement as fixed by the President,. *268 but he claimed active duty compensation to the time he arrived at his home station because he was under travel orders to his home station. The court held that, where the statute fixed the age limit and the President retired him on that day, all other orders were superseded and he automatically was retired on the day fixed by the President.
In the instant case we hold that the plaintiff was retired -on the day on which the President decided the order should go into effect. We can not take into consideration the fact that, by placing him on the retired list at a future date, it will allow the plaintiff to receive a larger compensation for a retired officer than if the order went into effect immediately upon the signing by the President. This determination would rest with the Retirement Board and the President and can not be judicially considered.
The plaintiff is entitled to recover. It is so ordered.
LiitletoN, Judge; GkeeN, Judge; and Booth, Chief •Justice, concur.
Williams, Judge, took no part in the decision of this case.