*90 OpiotoN
Per Curiam :
There is no dispute about the facts in the case as set forth in the findings. The plaintiff is a Marine officer who was found by a naval retiring board to be incapacitated for active service. The Secretary of the Navy presented the findings to the President with the recommendation that they be approved and that on August 1, 1936, the plaintiff be retired from active service and placed on the retired list. On May 27,1936, the President approved the findings of the retiring board and the recommendation of the Secretary of the Navy. The only question presented in the case is whether the plaintiff was retired on August 1, 1936, the date upon which the President directed he should be transferred to the retired list; or upon May 27,1936, the date upon which the President affixed his signature to the approval of the decision of the retiring board.
If it is held that the plaintiff was transferred to the retired list on August 1,1936, he is entitled to recover the difference between the retired pay of a major with more than 30 years’ service for pay purposes and the pay of a major with less than 30 years’ service.
The case is identical in principle with that of James A. Greenwald, Jr. v. United States, 88 C. Cls. 264, and is con *91 trolled by the decision made therein. Under the holding in the case cited the plantiff was retired on August 1, 1986, the date on which the President directed he should be transferred to the retired list and judgment should be rendered for the plaintiff accordingly. The claim, however, is a continuing one and entry of judgment will be suspended pending receipt of a computation by the General Accounting Office of the amount due the plaintiff in accordance with this opinion.
In accordance with the above decision, and on report from the General Accounting Office, the Court on June 3, 1940, rendered judgment for the plaintiff in the sum of $481.72.