**Joseph W. McCOLL, Jr.**
v.
**The UNITED STATES.**
No. 137–56.

United States Court of Claims.
Jan. 16, 1957.

John D. Murphy, Washington, D. C., for plaintiff.

Francis J. Robinson, Arlington, D. C., with whom was George Cochran Doub, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiff is a rear admiral on the retired list of the United States Navy. He is receiving retired pay based upon the status of a rear admiral of the lower half. He claims, and here sues for, retired pay based upon the status of a rear admiral of the upper half.

The plaintiff enrolled in the United States Naval Reserve Force in April 1917, and entered on active duty in that same month. He was commissioned as an ensign in 1918, and served continuously on active duty as a commissioned officer until April 1, 1945. On that date, his permanent rank was that of commander, and his temporary rank was that of captain. On that date he was retired for physical disability as a temporary captain, and on the same day was advanced to rear admiral of the lower half on the retired list, pursuant to section 12(*l*) of the act of June 23, 1938, 52 Stat. 949, as amended, 34 U.S.C. (1946 ed.) § 404(*l*). That section says:

"All line officers of the Navy who have been specially commended for their performance of duty in actual combat by the head of the executive department under whose jurisdiction such duty was performed, when retired, except as provided in section 404(h) of this title, shall, upon retirement, be placed upon the retired list with the rank of the next

higher grade and with three-fourths of the active-duty pay of the grade in which serving at the time of retirement."

On the same date, April 1, 1945, the plaintiff was recalled to active duty in his retired rank of rear admiral of the lower half. When he had served on active duty in that rank for two years, i. e., on April 1, 1947, he began to receive the pay and allowances of a rear admiral of the upper half. The Government says that he should not have received the increased pay and allowances, and did receive them only because of an administrative error.

The plaintiff was released from active duty on May 23, 1947. For a time thereafter he received the retired pay of a rear admiral, upper half, but by the Comptroller General's decision B–68965, of January 21, 1948, it was held that the plaintiff was entitled only to the active duty pay and the retired pay of a captain, for the whole period beginning April 1, 1945, and the asserted overpayment was checked against his current retired pay. This conclusion was reconsidered and in 1955 it was decided that he was entitled to the active duty pay, and the retired pay, respectively, of a rear admiral, lower half, from April 1, 1945, down to date, and he has now been so paid.

As we said at the beginning of this opinion, the plaintiff claims that he should have received the active duty pay of a rear admiral, upper half, for the period April 1, 1947, to May 23, 1947, and the retired pay of the same rank thereafter. He bases his claim upon the act of April 8, 1946, 60 Stat. 86, 34 U.S. C.A. § 428, which says:

"Any officer of the retired list of the Navy of the permanent grade or rank of rear admiral who is entitled to the pay of the lower half of that grade and who is, has been, or may be recalled to active duty and who in time of war or other national emergency served, serves, or may serve satisfactorily on active

duty for a period of two years or more in the grade or rank of rear admiral or in a higher grade, shall be entitled when on active duty to the pay and allowances of a rear admiral of the upper half unless he is entitled under other provisions of law to higher pay and allowances, and he shall be entitled when on inactive duty to retired pay equal to 75 percentum of the pay of a rear admiral of the upper half unless he is entitled under other provisions of law to higher retired pay or allowances: *Provided,* That no back pay or allowances shall be held to have accrued under this section prior to April 8, 1946."

The plaintiff says that, since he was, on April 1, 1945, appointed a rear admiral of the lower half on the retired list and was on that date recalled to active duty in that rank and served satisfactorily for two years, i. e., until April 1, 1947, he met the conditions of the statute and on the latter date became entitled to the pay and allowances of a rear admiral of the upper half until his release from active duty on May 23, 1947, and to the retired pay of that rank thereafter.

■ The 1946 act applies to officers of the *permanent* rank or grade of rear admiral. The Government says that the advancement in rank to rear admiral of the lower half on the retired list on April 1, 1945, did not confer upon the plaintiff the permanent rank of rear admiral of the lower half. We do not understand why it did not. The advancement was given him pursuant to the 1938 act, already quoted in this opinion, because he had been specially commended for performance of duty in actual combat. To be sure, he had not earned the advancement by service for the number of years that it probably would or might have taken for him to obtain the advancement without the commendation. But if Congress chose to make the commendation the equivalent, for advancement purposes, of years of service or other normal requirements,

it could do so, and it did so. It said nothing in the 1938 act to indicate that there was to be anything temporary about an advancement in rank on the retired list given because of a commendation.

■ The Government urges that the 1946 act was intended to apply only to officers who had served in the rank of rear admiral prior to retirement, and who, after retirement, were recalled to active duty and served two years. It says that the act was not intended to benefit officers such as the plaintiff who attained the rank only on retirement, and by reason of the application of a statute such as the 1938 act relating to commendation. It says that the legislative history supports this construction of the statute. We think, however, that the extensive legislative history cited and quoted by the plaintiff shows that a considerable number of the admirals who were intended to be benefited by the statute were admirals who had received that rank on retirement because of commendation, and who had never served actively in that rank prior to their recall. This must have been known to the officers of the Department of the Navy who drafted the statute and who testified before the congressional committees. We do not find in the legislative history any dependable evidence that the statutes were not to be read according to the ordinary meaning of the words.

■ The Government urges that in any event the plaintiff may not recover such installments of pay and retired pay as became due more than six years prior to the filing of his suit. As to this point, we agree with the Government.

The defendant's motion to dismiss the plaintiff's petition is denied. The plaintiff's motion for a summary judgment is granted. Plaintiff is entitled to recover and judgment will be entered to that effect. The amount of the judgment will be determined in further pro-

ceedings pursuant to Rule 38(c), 28 U.S. C.A.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER, and LITTLETON, Judges, concur.