The EQUITABLE TRUST COMPANY and Kathleen H. Heisse, As Executors of the Last Will and Testament of John W. Heisse,

v.

The UNITED STATES.
No. 49631.

United States Court of Claims.
June 5, 1957.

Samuel T. Ansell, Jr., Washington, D. C., for plaintiffs.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

This is a suit by the executors of the will of John W. Heisse, hereinafter refered to as the decedent, to recover the difference between the active-duty pay and allowances of a lieutenant colonel with over 27 years' service, and the retired pay of a captain with over 6 years' service, during the period December 14, 1945, through June 12, 1946.

The facts as stipulated are as follows: On August 15, 1917, John W. Heisse accepted an appointment as second lieutenant, Infantry Section, Officers' Reserve Corps. As such reserve officer, he entered upon active duty in the Army August 15, 1917, and served thereon until November 10, 1917. He accepted an appointment as second lieutenant, Infantry, Regular Army, on November 10, 1917, and thereafter served continuously as an officer in the United States Army until he was retired from active service in the grade of captain on April 6, 1921, by reason of disability incident to the service.

The said John W. Heisse was recalled to active duty in the grade of captain on February 16, 1942; promoted to major, Army of the United States, July 4, 1942; promoted to lieutenant colonel, Army of the United States, May 12, 1943.

Under date of September 6, 1945, the War Department issued Special Orders No. 213, which stated in pertinent part as follows:

"28. Lv of absn is granted Lt Col John W Heisse (Capt) O1496 Inf for 2 months and 28 das eff 15 Sept 1945. DP the temp apmt of Lt Col Heisse as a Lt Col AUS is terminated eff 13 Dec 1945. Lt Col Heisse is reld fr asgmt and dy at Washington, DC, on 15 Sept 1945 and is asgd Sep Cen, Ft George G. Meade, Md. (for record purposes only no travel involved in connection therewith). On 13 Dec 1945 he is reld fr further AD and reverts to ret status. At the proper time Lt Col Heisse WP his home. PCS. TDN. 601–31 P 431–2, 03, 07, 08 A 212/60425. EDCMR 15 Sept 1945."

On December 3, 1945, the Adjutant General advised the said John W. Heisse as follows:

"WHPP/erm/2418
"AGPO–S–R–201 Heisse, John W.
"(8 Sept 45)
"Hospitalization
"Lieutenant Colonel John W. Heisse, O–14296, Infantry
220 Goodale Road
Baltimore 12, Maryland
"1. With reference to your final type terminal physical examination, 8 September 1945, you will report to the Commanding Officer, ASF Regional Hospital, Fort George G. Meade, Maryland, for observation,

treatment and appearance before an Army retiring board if indicated.

"2. The travel directed in proceeding from Baltimore, Maryland, to Fort George G. Meade, Maryland, and return is necessary in the military service and is chargeable to 601–1 P432–02, 03, A 212/60425.

"By Order of the Secretary of War:

"/s/ MST

"Adjutant General"

On January 3, 1946, the said John W. Heisse entered the Army Service Forces Regional Hospital, Fort George G. Meade, Maryland, and appeared before an Army Retiring Board which convened at the hospital on February 8 and April 22, 1946. The findings of the board were approved by the Secretary of War on June 12, 1946, and under date of June 17, 1946, the War Department issued Special Orders No. 134, which stated in pertinent part as follows:

"31. Announcement is made of the advancement on the ret list of the Army under the provisions of an act of Congress approved 29 June 1943 of Capt John Wilbur Heisse 014296 USA–Ret to the grade of Lt Col to date from 12 Jun 1946, it having been officially determined that Capt Heisse incurred additional physical disability, not less than 30 per centum permanent, incident to service while on active duty in temp grade of lt col."

If the said John W. Heisse was serving on active duty during the period December 14, 1945 through June 12, 1946, he was entitled to receive active-duty pay and allowances computed as follows:

Lt. Col. over 27 yrs svc., @ 422.92 a mo. 14 Dec. 1945–12 June 1946 ................................... $2523.43
Rental allowance, @ 120.00 a mo. 14 Dec. 1945–12 June 1946    716.00
Subsistence allowance, @ 2.10 a day 14 Dec. 1945–12 June 1946 ......................................... 380.10

Total .................................... 3619.53

During the period from December 14, 1945 to June 11, 1946, he was paid the retired pay of a captain with over six years' service, i. e., $165.00 a month, or a total payment of $979.00.

Plaintiffs contend that the letter order of December 3, 1945, directing the decedent to report to the Army hospital at Fort Meade, Maryland, rescinded and revoked Special Orders No. 213 dated September 6, 1945, which ordered decedent relieved from further active duty on December 13, 1945, with a reversion to his retired status. Plaintiffs further contend that decedent was entitled to active-duty pay under the Act of October 10, 1949, 63 Stat. 737, which provides as follows:

"  *  *  *  That all periods of service of any officer of the Army of the United States or the Air Force of the United States who was called or recalled to active duty in the armed forces of the United States between April 1, 1944, and May 1, 1948, for medical observation or treatment, physical evaluation, or retiring-board proceedings for the purpose of determining the eligibility of such officer to receive disability or retirement pay benefits shall be, and hereby are, deemed to be active duty in the armed forces of the United States to the same extent as though such officer had been called or recalled to active duty without limitation as to purpose, and such officer shall be entitled to credit such service performed prior to May 1, 1948, for all purposes.

"Sec. 2. Any officer of the Army of the United States or the Air Force of the United States who was admitted into a service hospital while on terminal leave prior to October 1, 1947, who reverted to inactive status

prior to release from such hospitalization, and who has not subsequently been retired or certified to the Veterans' Administration for retired benefits, shall be deemed to have been on active duty, for all purposes, until the date of the release from such hospitalization: *Provided,* That such an officer or his estate apply for the benefits of this section within two years from the date of enactment of this Act, and such application is approved by the cognizant Secretary: *And provided further,* That in the case of a person whose application for the benefits of this Act is approved, the amount of any monetary benefits received by him or his estate for any period prior to release from such hospitalization under any provisions of law providing benefits for disability or death incident to the service, shall be deducted from the monetary benefits provided for herein."

■ Decedent's letter order was merely an authorization for him to report to the hospital "for observation, treatment and appearance before an Army retiring board if indicated." This was a right he had as a retired officer of the United States Army under Army regulations. AR 40–590, para. 6b(1)(a), August 29, 1944.

Decedent was so admitted as a retired officer and, in line with his letter order, after observation was sent before an Army retiring board which determined decedent had "incurred additional physical disability, not less than 30 per centum permanent, incident to service while on active duty in temp grade of lt col." This was exactly the reason for decedent's letter order. It was never contemplated that he be ordered to active duty, nor did decedent ever perform any active-duty service. This court, in Richard v. United States, Ct.Cl., 152 F.Supp. 433, stated:

"It is well settled that in the absence of orders definitely assigning one to active duty after retirement, active-duty pay ceases on the date an officer is placed on the retirement list. Terry v. United States, 81 Ct. Cl. 958; Holland v. United States, 83 Ct.Cl. 376. It has also been held that to be paid for active duty an officer must actually perform services calling for such payment. Morrow v. United States, 65 Ct.Cl. 35."

■ Plaintiffs' reliance on the Act of October 10, 1949, supra, is also without merit. This act was only to remedy a situation wherein certain AUS officers were recalled for re-examination, given active-duty orders for such periods, and paid according to their rank. The Comptroller General on March 3, 1948, held that such orders did not entitle the officer to an active-duty status and to pay and allowances. The act was to validate the active-duty orders and thereby make it unnecessary to attempt to secure refunds from the individuals. Section 2 of the Act of October 10, 1949, supra, was to correct an administrative situation which resulted in a number of officers, whose terminal leave expired while they were undergoing hospital care, being deprived of authorized active-duty pay. The individuals concerned were hospitalized during terminal leave, but their leave status was erroneously continued, with the result that a number were separated from the service while still hospitalized. Their active-duty pay was stopped, even though an individual might have been physically unable to leave the hospital. The act was an authorization for such officers, or their estates, to apply for and to receive the pay and allowances to which they would have been entitled while hospitalized had their status not been incorrectly administered. Senate Report No. 1081, Sept. 15, 1949 (To accompany H.R. 4767), U.S.Cong.Serv., vol. 2, p. 2074 (1949).

This is not the situation here—decedent was not an AUS officer, he was a retired Regular and was not paid anything other than the retired pay of a captain, to which he was entitled. Nor was there an administrative error in his leave status.

Therefore, we conclude that decedent's letter order was not a recall to active duty and did not rescind or nullify his orders of September 6, 1945, relieving him from further active duty.

Plaintiffs are not entitled to recover, and the petition is dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.