Durfee, Judge,
delivered the opinion of the court:
Plaintiff John Joseph Queeney (5) is receiving retirement pay from the United States Navy computed in accordance with the provisions of § 511 of the Career Compensation Act of 1949, 63 Stat. 829. The Comptroller General of the United States has informed plaintiff that he holds a permanent enlisted man’s status. He sues to recover the increase in pay he would receive if it is computed according to par. 4 of § 15 of the Pay Readjustment Act of 1942, 56 Stat. 359, 368, applicable only to retired officers. We must determine on cross motions for summary judgment if plaintiff is entitled to have his retired pay computed under the latter statutory provision.
Paragraph 4 of section 15 of the Pay Readjustment Act of 1942 provides:
The retired pay of any officer of any of the services mentioned in the title of this Act who served in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918, hereafter retired under any provision of law, shall, unless such officer is entitled to retired pay of a higher grade, be 75 per centum of his active duty pay at the time of his retirement.
Plaintiff served in the United States Navy prior to November 12, 1918. On September 24, 1929, he retired and transferred to the Fleet Reserve with a permanent appointment as an enlisted man. On August 1,1940, he was recalled to active duty and served in his enlisted status until December 11, 1942, when he was appointed a lieutenant, junior grade, temporary, pursuant to the Temporary Promotions Act of July 24, 1941, 55 Stat. 603. On July 1, 1943, plaintiff’s name was placed on the retired list of the United States Navy, as a permanent enlisted man, as he had now completed 30 years of active and inactive service. He continued to serve on active duty, however, in his temporary officer’s rank. On January 24,1946, he was appointed a lieutenant pursuant to the same Temporary Promotions Act. On September 12, 1946, he was released from active duty; he was re-retired.
Plaintiff’s temporary appointment as a lieutenant terminated when he was released from active duty and the only position he held then was his permanent enlisted man’s *201 rating on the retired list. Subsequently, on March 6, 1947, he was advanced on the retired list to lieutenant. This advancement came after the Secretary of the Navy had determined that lieutenant was the highest rank in which plaintiff had satisfactorily served. The manner in which his retired pay was computed remained the same as before— that is, under statutory provisions applicable to enlisted personnel, but it was based now upon the new, higher rank — i.e., lieutenant. Section 10 of the Temporary Promotions Act was the statutory authority for this advancement on the retired list and the increase in retired pay. Pertinent parts of section 10 are as follows:
(a) Personnel appointed or advanced under the authority of this Act may be continued in their temporary status during such period as the President may determine, but not longer than six months after the termination of war or national emergency or, in the case of reserve and retired personnel, not longer than the period herein specified or the date of release from active duty whichever is the earlier and in no case longer than six months after the termination of war or national emergency. Upon the termination of their temporary status such personnel on the active list of the Regular Navy and Marine Corps shall assume their permanent status and those of the retired list and of the respective Reserve Components, including the Fleet Reserve and Fleet Marine Corps Reserve, shall have, when returned to an inactive status, the highest grade and rank in which, as determined by the Secretary of the Navy, they served satisfactorily under a temporary appointment, unless entitled to the same or higher grade and rank pursuant to section 8 of this Act, as now or hereafter amended.
(b) (1) Personnel of the retired list returned to an inactive status with higher rank pursuant to subsection (a) shall receive retired pay computed at the rate prescribed by law and applicable in each individual case but based upon such higher rank.
* * 4= * *
(d) Personnel accorded higher rank pursuant to this section shall, if subsequently assigned active duty, be recalled to active duty in the grades, ranks or ratings, with which they were retired or returned to an inactive status unless under other provisions of law they are entitled to higher grades, ranks, or ratings. [As amended, Act of February 21,1946, 60 Stat. 26, 28.]
*202 If this were the end of plaintiff’s story there might be no controversy now before the court. On July 13,1956, Eichard It.. Jones filed suit in this court alleging facts the same as we have just described concerning plaintiff. Jones also sought to have his retired pay computed under paragraph 4 of section 15 of the Pay Eeadjustment Act of 1942. He considered himself a retired officer by virtue of his being advanced on the retired list from an enlisted man’s rank to an officer’s rank. We dismissed Jones’ petition, and held that as he had retired from active duty as an enlisted man he was not entitled to have his retired pay computed, as he had urged, under the Pay Eeadjustment Act, notwithstanding his subsequent designation as an officer on the retired list. Jones v. United States, 151 Ct. Cl. 119 (1960), 282 F. 2d 906, cert. denied, 365 U.S. 880 (1961).
John Joseph Queeney’s Navy career went beyond his advancement on the retired list in 1947. On August 23, 1950, he was recalled to active duty as a lieutenant, pursuant to §10 (d) of the Temporary Promotions Act, quoted above. He served on active duty in that rank until March 3, 1953 when he was reretired as a lieutenant.
Is plaintiff an “officer * * * hereafter retired” within the meaning of paragraph 4 of section 15 of the Pay Eeadjustment Act of 1942, supra, and thereby entitled to receive the specified amount of retired pay ? It is not disputed that his release from active duty on March 3,1953, and placement on the retired list, was a retirement. But when his active duty commission terminated, and he returned to his position on the retired list, did he retire as am, officer? Plaintiff was an officer on the retired list before he went on active duty in 1950; he was recalled to active duty as an officer; he served on active duty as an officer; he reverted to his position on the retired list in the same officer’s rank, not to an enlisted status like Jones. When Jones returned to the retired list after active duty, he retired as an enlisted man because that was his status on the retired list — the only status he held when his temporary promotion expired. He was not officially named an officer on the retired list until some four months later.
*203 Ordinarily when a man retires from the military he will retire in the rank he held on his last day of active duty. Some statutes provide that he be advanced to the next highest rank, or the highest rank satisfactorily held, after placement on the retired list. In this latter case, the man is retired in a lower rank on the day he retires; he is subsequently advanced to the higher rank. In the Jones case, supra, we held that under section 10 of the Temporary Promotions Act, the serviceman did not retire in his temporary rank as an officer; that status expired when he terminated his active duty. He returned to, and retired in, his permanent enlisted rank— the rank he had before his temporary promotion. After retirement in this lower or permanent rank he was advanced on the retired list to commissioned rank. On March 3,1953, plaintiff’s temporary active duty rank of lieutenant expired, and he was retired as a lieutenant.
If plaintiff’s last retirement or re-retirement was on September 12, 1946, the end of his first active duty stint as an officer — it might be more logically argued that plaintiff was also a permanent enlisted man in 1953. However, on March 3,1953, plaintiff again retired. Defendant contends that for the purpose of retirement plaintiff is permanently an enlisted man; that his advancement on the retired list does not affect his permanent (prior) enlisted man’s status. Defendant argues that this must be so because the officer’s rank is given under the “Temporary” Promotions Act. When the temporary promotion runs out, the man reverts to his permanent status. This is certainly true with temporary promotions while on active duty.
Section 10(a) of the Temporary Promotions Act, supra, states that when a temporary promotion terminates, the man still on active duty then assumes his “permanent status.” Section 10 does not say, nor does it necessarily follow that the advancement on the retired list is in the same maimer “temporary” or somehow just a gloss, put over a lower, still permanent rank. Section 10(a) provides that the retired serviceman
* * * shall have, when returned to an inactive status, the highest grade and rank in which, as determined by *204 the Secretary of the Navy, [he] served satisfactorily under a temporary appointment, * * *. [60 Stat. 26, 28.]
The Congress determined that he “shall have” that rank. In the Jones case we stated that the serviceman is not retired in his temporary rank, but after retirement “he would then ‘have’ the higher grade and emoluments flowing therefrom.” [P. 127.] There are no conditions or limitations on these statements. We have no reason to imply them. So far as we can determine from the statutory language, this is the new status the Congress meant to give such men. If recalled to active duty, they must be recalled in their advanced status. [§ 10(d), Temporary Promotions Act, supra.’] Accordingly, when plaintiff was recalled to active duty in 1950, he was recalled as an officer.
The Jones opinion states that the “sine qua non of the benefits of [The Pay Readjustment Act of 1942] * * * is retirement as an officer since the statute speaks of officers ‘hereafter retired.’ ” [P. 122.] We hold that plaintiff meets this requirement. Before he was recalled to active duty in 1950 he was an officer, a lieutenant, on the retired list. There is nothing in the record that convinces us that his status was anything less. When he again retired in 1953 he reverted to that same officer’s rank. Congress enacted the Temporary Promotions Act and determined that men should retire in one rank and thereafter be advanced to, and then “have”, another. We should not undertake to change or interpret these provisions in a manner inconsistent with what is commonly understood by the words, “shall have” the highest rank satisfactorily held. If something less was meant, or apparent inconsistencies seem to reveal themselves, the Congress has the means to remedy the situation.
In Joseph W. McColl, Jr. v. United States, 137 Ct. Cl. 337 (1957), we had before us an issue similar to the one defendant has raised in this case. McColl was retired as a “temporary captain, and on the same day was advanced to rear admiral of the lower half on the retired list,” pursuant to a 1938 act of the Congress which provided for the advancement as a commendation for performance of duty in *205 combat (p. 338). Later, tbe Congress passed the Act of April 8,1946, 60 Stat. 86, which entitled
* * * any officer of the retired list of the Navy * * * of the permanent grade or rank of rear admiral who is entitled to the pay of the lower half of that grade
to receive the retired pay of a rear admiral of the tipper half, provided he meets certain other requirements which McColl had fulfilled. Plaintiff McColl claimed the increased pay, but defendant stated that his permanent rank was that of a captain, the rank in which he retired:
* * * that the advancement in rank to rear admiral of the lower half on the retired list * * *, did not confer upon the plaintiff the permanent rank of rear admiral of the lower half. * * * (p.339,340.)
Judge Madden, for the court, answered:
* * * We do not understand why it did not. * * * if Congress chose to make the commendation the equivalent, for advancement purposes, of years of service or other normal requirements, it could do so, and it did so. It said nothing in the 1938 act to indicate that there was to be anything temporary about an advancement in rank on the retired list given because of a commendation. (p. 340.)
Section 7(a) of the Temporary Promotions Act of July 24, 1941, supra, provides in part that:
The permanent, probationary, or acting appointments of those persons temporarily appointed in accordance with the provisions of this Act shall not be vacated by reason of such temporary appointments, such persons shall not be prejudiced thereby in regard to promotion, advancement, or appointment in accordance with laws relating to the Kegular Navy or Marine Corps, and their rights, benefits, privileges, and gratuities shall not be lost or abridged in any respect whatever by their acceptance of commissions or warrants hereunder: * * * [55 Stat. 603, 604.]
This section states that a temporary appointment will not vacate the permanent rating of a serviceman. However, what we point out in this case is that the temporary appointment given a man on active duty is different from the rank *206 he is awarded by advancement on the retired list. The former is temporary and will not vacate a permanent rating; the latter is not a “temporary appointment.” It is the new status given for past military service. Section 10(a) of the Act, as amended in 1946, provides that the retiree “shall have” the rank to which he is advanced. Act of February 21, 1946, supra.
The Jones opinion states:
* * * It is factually clear that the reversion to inactive status and the advance on the retired list were no.t a single transaction. Eegardless of the fact that it was attempted to accomplish them by a single set of orders, they are separate and distinct both in fact and under the terms of the statute. [P. 124.]
The advance on the retired list is “distinct both in fact and under the terms of the statute.” It is not to be confused with either retirement or a temporary appointment given on active duty.
Finally, defendant places emphasis upon section 10(b) of the Temporary Promotions Act, supra, as an indication that the Congress was only increasing the retired pay of plaintiff, not changing his permanent rating from that of an enlisted man. Section 10 (b) provides that a man returned to an inactive status, and then advanced on the retired list, shall receive retired pay “computed at the rate prescribed by law and applicable in each individual case but based upon such higher rank.” In J ones we dealt specifically with the pirrase, “but based upon such higher rank.” [Emphasis supplied.] We cited this as “a further indication of the extent of the benefit” conferred by the Congress under section 10. We stated :
* * * If the legally prescribed rate of pay should be held to be the law generally applicable to persons retired as officers, there would be no purpose in indicating by a qualifying phrase that pay would be based on the highest temporary grade or rank held. * * * [Emphasis supplied.] [P. 125.]
The rate of pay prescribed under subsection (b) is not that applicable to persons “retired as officers;” the rate designated is that applicable to the status in which either Jones or plain *207 tiff Queeney, herein, retired, whatever that status might be; thus, the importance of the “but” qualifying phrase, as emphasized in Jones. The Congress made clear that it is the rank in which a man retires that determines the manner in which his pay is computed. Without this phrase, the military personnel involved might legitimately claim that upon their advancement on the retired list, the computation of pay “applicable in [their] * * * individual case” is also changed. But it is not. The computation remains the same; it is only based on the higher rank upon advancement. This demonstrates a difference between retirement in one rank, and then advancement to another. The Congress made the lower rank the controlling status for retirement pay purposes. The Congress could have provided for retirement in the higher grade and had the retired pay computed on that level, but it chose to legislate as it did.
What we have said does not render subsection (b) — the “but” phrase in particular — meaningless. It still applies to any man retired in a lower grade and advanced to the higher position under section 10. It is inapplicable to plaintiff as during his last tour of duty he was not appointed to serve in a higher grade than that in which he resumed active duty; he was never advanced again on the retired list.
If any limitation is to be placed on plaintiff’s commissioned officer’s rank at the time he received it in 1947, by advancement on the retired list, it is only this: that at that time he could not claim the benefits of the Pay Readjustment Act of 1942 as he was not retired, in that rank. Jones v. United States, supra. And this is not in reality a limitation on his rank; we are merely stating the fact that plaintiff did not have this rank earlier in time, that is, when his active duty terminated in 1946. In 1953 plaintiff did retire in his officer’s rank. He is entitled to receive retired pay computed in accordance with the provisions of paragraph 4, section 15 of the Pay Readjustment Act of 1942, supra, and judgment is entered to that effect. Plaintiff (5) Queeney’s motion for summary judgment is granted, and defendant’s similar motion is denied. The amount of recovery will be determined pursuant to Rule 38(c).
*208 In accordance with the opinion of the court and a memorandum report of the commissioner as to the amount due thereunder, it was ordered on December 20,1963, that judgment for plaintiff John Joseph Queeney (5) be entered for $7,472.69.