Durfee, Judge,
delivered the opinion of the court:
This case presents similar issues and facts as presented in Hoag, et al. v. United States, decided today, ante, p. 198. The same statutes are involved, and Jones v. United States, 151 Ct. Cl. 119 (1960), 282 F. 2d 906, cert. denied, 365 U.S. 880 (1961), is likewise important to this decision. Plaintiff Robert C. Zell (No. 2) also seeks retired pay computed under paragraph 4 of section 15 of the Pay Readjustment Act of 1942, 56 Stat. 359, 368, applicable only to retired officers.
In the Jones decision, supra, we held that when a serviceman on active duty receives an appointment under the Temporary Promotions Act of July 24, 1941, 55 Stat. 603, and he thereafter retires, he retires in his lower permanent rank, and not the rank to which he has been promoted. On the day his active duty terminates, his temporary appointment expires and he reverts to his former status, and retires in such former status. Jones’ subsequent advancement on the retired list to an officer’s rank did not entitle him to have his pay computed as an officer under the Pay Readjustment Act of 1942 because his permanent status, in which he retired, was that of an enlisted man. Retirement in an officer’s rank is the essential ingredient. His rate of pay, however, was increased because of his advancement. Section 10(b), Temporary Promotions Act of July 24, 1941, supra, as amended, Act of Feb. 21, 1946, 60 Stat. 26, 28. In the Hoag decision, supra, we held that plaintiff therein did retire as an officer and thus the Pay Readjustment Act of 1942 applied to him.
*210 After Jones and Queeney retired (Queeney was the plaintiff in the Hoag case), both men were advanced on the retired list to the highest officer’s grades in which they had satisfactorily served while on active duty under their temporary appointments. This advancement did not thereby entitle them to the retired pay of officers because they did not retire as such; they were only subsequently advanced on the retired list to those officer’s ranks. Some three years after Queeney was so advanced, however, he was recalled to active duty. Because he was now an officer when recalled; served as an officer on active duty, and retired as an officer after this last tour of duty, he was now entitled to have his pay computed under the Pay Readjustment Act of 1942, supra. The prior advancement on the retired list to an officer’s rank was a real and permanent promotion. After Queeney’s last tour of duty, this was the permanent status to which he reverted and in which he retired. Section 10(a), Temporary Promotions Act of July 24,1941, supra, as amended, Act of February 21, 1946,60 Stat. 26,28.
The issue in the case at bar is this: Is Robert C. Zell’s situation the same as Mr. Jones’ or Mr. Queeney’s ?
Plaintiff Zell attempts to bring himself within the Hoag (Queeney) case by asserting that on December 1,1942, he was retired from the United States Navy; he reverted to his permanent status as an enlisted man on the retired list; he was thereafter recalled to active duty on the same day, December 1,1942, and served until October 23,1947, when he again retired: In the meantime he was advanced on the retired list to an officer’s rank and therefore upon his second retirement in 1947, he reverted to his permanent status as an officer on the retired list and retired as an officer. If this were so, plaintiff might have successfully avoided the Jones decision, supra, and have his case controlled by Hoag, supra, instead.
Plaintiff has failed to demonstrate that he was retired, as he alleges, in 1942. There is no such retirement record in evidence, no orders recalling him to active duty on the same day, and no record of his having been advanced on the retired list to an officer’s rank (plaintiff argues here that we should regard as done that which ought to have been done). The only evidence which is relevant to plaintiff’s position is his *211 Exhibit 1, a letter dated March 14,1942, from the Bureau of Navigation of the Navy Department, which states that on December 1,1942, his name will be placed on the retired list as he will then have 30 years’ active and inactive service. The letter further states that plaintiff will be released from active duty on that day, and that he may be ordered immediately back to active duty. Defendant’s Exhibit 2 is the first endorsement to the letter described above. The endorsement, dated June 24,1942, notes a change in the policy of the Bureau and directs instead that plaintiff be “retain [ed] on present duty” rather than released and retired in December.
On December 1, 1942, plaintiff’s name was placed on the retired list in his permanent enlisted man’s status but he was not retired. His official Navy Service Record states:
December 17,191$: Placed on the retired list on December 1, 1942, and retained on active duty in accordance with BuPers ltr Nav-642-A-PWC of March 14, 1942. (Completed thirty years service on November 4, 1942.) Records retained on board, due to retention on active duty. * * * [Def. Ex. 3; emphasis supplied in part.]
Plaintiff Zell retired only once so far as is relevant to this proceeding — that was on October 23, 1947. He was thereafter advanced on the retired list from an enlisted rank to the officer’s rank of lieutenant. He has not served on active duty since. Accordingly, plaintiff is not entitled to have his retired pay computed under paragraph 4 of section 15 of the Pay Readjustment Act of 1942, supra. Jones v. United States, supra. Plaintiff’s motion for summary judgment is denied and defendant’s similar motion is granted. The petition of plaintiff Robert C. Zell (2) is dismissed.