Durfee, Judge,
delivered the opinion of the court:
Plaintiff Bodney Browne Starr (No. 4) is receiving retired pay computed on the basis that he retired as an enlisted man. He sues to recover the additional amount of retired pay he would receive if it were computed under paragraph 4, § 15 of the Pay Readjustment Act of 1942, 56 Stat. 359, 368, applicable only to men retired as officers. This is another case in line with our recent decisions in Jones v. United States, 151 Ct. Cl. 119, 282 F. 2d 906 (1960), cert. denied, 365 U.S. 880 (1961); Hoag, et al. v. United States, ante, p. 198 (1963); and Wilson, et al. v. United States, ante, p. 208 (1963). We must now determine if this plaintiff was retired as an officer in 1946, and entitled to have his pay computed as such.
Mr. Starr enlisted in the United States Navy in 1903, and retired on February 1,1934, as a chief petty officer. On February 19, 1934, he was advanced on the retired list to an officer’s rank, lieutenant (j.g.), pursuant to the Act of May 7, 1932, 47 Stat. 150. This legislation provided as follows:
Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That all warrant officers and enlisted men who served in the Army, Navy, Marine Corps, or Coast Guard of the United States during the World War or the Spanish-American War, and whose service during such war was creditable, and who have been or hereafter may be retired according to law, shall on the date of approval of this Act or upon retirement in the case of those now on the active lists of the services named herein, be advanced in rank on the retired list to the highest commissioned, warrant, or enlisted grade held by them during such war: Provided, That nothing in this Act shall entitle any of the personnel described herein, while *643 on active duty, to any other rank than that in which they were serving at the time of retirement: And provided further, That no increase in active or retired pay or allowances shall result from the passage of this Act.
On July 14, 1941, plaintiff was recalled to active duty as a chief petty officer, his enlisted man’s rating, and he served in this enlisted rank until June 22, 1942, when he received a temporary appointment to lieutenant (j.g.), under the Temporary Promotions Act of July 24,1941, 55 Stat. 603. Plaintiff received further temporary appointments under the 1941 statute, until August 30,1946, when he again retired from The United States Navy.
As stated in the Jones case, supra, a promotion given under the Temporary Promotions Act of 1941, expires on the day the appointee terminates his active duty. He then reverts to and retires in his prior, permanent rank. Jones reverted to, and therefore retired in his prior enlisted rank of chief quartermaster. He was not entitled to have his retired pay computed under paragraph 4 of § 15 of the Pay Readjustment Act of 1942, supra, because he did not retire as an officer. His subsequent advancement on the retired list to commissioned rank was not the equivalent of retirement in such commissioned rank. Plaintiff Starr’s prior permanent rank was that of chief petty officer, the enlisted rank in which he was recalled to active duty in 1941, and in which he served for over eleven months thereafter, and his case is governed by the J ones decision, supra. This enlisted status is the rank to which he reverted in 1946, the rank in which he retired, and therefore he is not entitled to have his retired pay computed under the Pay Readjustment Act of 1942. Mr. Starr did not retire as an officer; his case is not governed by the Hoag decision, supra.
John Joseph Queeney was the plaintiff in Hoag. Like the plaintiff Jones in the 1960 decision, Queeney had received a temporary appointment under the 1941 Act. They both retired after the second World War and reverted to their former enlisted ratings. They both were subsequently advanced on the retired list to commissioned rank, the highest ranks in which they had served on active duty under temporary appointments. Unlike Jones however, Queeney was *644 recalled to active duty in .1960, some three years after his advancement on the retired list. This last recall to duty and subsequent re-retirement in 1953, altered Queeney’s position. We held that he was now entitled to the benefits of the Pay Readjustment Act of 1942 because in 1953 he retired as an officer. The rank to which Queeney reverted in 1953 was the commissioned rank given him by advancement on the retired list in 1947, under section 10(a) of the Temporary Promotions Act of 1941, supra, as amended, Act of February 21, 1946, 60 Stat. 26, 28. This advancement was a real, permanent appointment to that status. Unlike the promotion given on active duty under the Act, the advancement given the retired serviceman under section 10(a), as amended, supra, is in no way temporary. Section 10(a) provides that the retiree shall be advanced and “shall have, * * * the highest grade and rank in which, * * * [he] served satisfactorily under a temporary appointment, * * *” We quoted this in Hoag, and then we stated, ante, at 204:
The Congress determined that he “shall have” that rank [by advancement on the retired list.] In the Jones case we stated that the serviceman is not retired in his temporary rank, but after retirement “he would then ‘have’ the higher grade and emoluments flowing therefrom.” [P. 127.] There are no conditions or limitations on these statements. We have no reason to imply them. So far as we can determine from the statutory language, this is the new status the Congress meant to give such men. If recalled to active duty, they must be recalled in their advanced status. (§ 10 (d), Temporary Promotions Act, supra.) Accordingly, when plaintiff was recalled to active duty in 1950, he was recalled as an officer.
There is an apparent similarity between Queeney in the Hoag case, and plaintiff at bar. Starr was also advanced on the retired list to an officer’s rank, but in 1934 under the Act of May 7, 1932, supra. But the similarity ends there. The 1932 Act stated therein the “conditions or limitations” on that advancement not found in the Temporary Promotions Act of 1941. One proviso attached to the advancement under the 1932 Act deprived Starr of any increased pay, and more importantly, the other proviso took back the officer’s rank in the event of recall to active duty. For plaintiff Starr, the *645 advancement on the retired list was indeed temporary. On April 14, 1941, he was recalled to active duty as an enlisted man; ordered to serve in his enlisted rank, chief petty officer, and he continued in such rank on active duty until June 22, 1942. The Hoag decision stressed the point that Queeney “was recalled as an officer” in 1950. He was recalled in his officer’s rank; he served his entire tour of duty in his officer’s rank; he retired as an officer in 1953. Queeney’s advancement on the retired list under the 1941 statute constituted him an officer in every respect. He did not lose his commission when he returned to active duty.
The advancement on the retired list given to plaintiff Starr and others under the 1932 Act seems to be, then, in the words of the Hoag case, “a gloss, put over a lower, still permanent rank.” This is not to detract from the dignity of the men so commended. It is a bright and honorable luster. The Congress gave form to the respect and gratitude it had for the service these men gave to our country. But the fact remains that the advancement was an honorarium only. The lower ranks held by these men were not extinguished. If and when they were called to return to the colors, they would return in their lower permanent rank. The debate on the floor of the House of Representatives preceding the enactment of the Act of May 7,1932, lends further weight to this view of the advancement.
_ Mr. Kavale: This (advancement) refers only to retirement rank and in no way relates to retirement pay. It will, not cost the Treasury a cent, but will merely give tins honorary title to these men. They have earned those titles. [75 Cong. Rec. 8421 (1932).]
When plaintiff Starr retired in 1946 his temporary appointment under the Temporary Promotions Act of 1941 terminated, and he reverted to the same status he held before he was recalled to active duty in 1941. His status was that of an enlisted man holding an honorary officer’s rank on the retired list. It was not a permanent officer’s rank. It was not an officer’s rank in which he could retire in 1946. It did not extinguish his enlisted man’s rank. Plaintiff, therefore, retired as an enlisted man on August 30, 1946, and he is not entitled to have his pay computed under paragraph 4 *646 of § 15 of the Pay Readjustment Act of 1942, supra. Jones v. United States, supra.
Plaintiff’s service record (Def. Exh. No. 5), is evidence in support of this conclusion. It states:
* * * Released from all active duty on 30 August 1946, at the expiration of two months and 28 days leave and reverted to his permanent enlisted rating as a CGrM(PA) TJSN (Ret.)
Defendant’s motion for summary judgment is granted and plaintiff’s similar motion is denied. The petition of Rodney Browne Starr (No. 4) is dismissed.