Dureee, Judge,
delivered the opinion of the court:
Plaintiff first enlisted in the Navy in 1904. He served successive terms of enlistment until 1921 when he was transferred to the Fleet Reserve and released from active duty. After completing thirty years of service, plaintiff, on July 1, 1934, was placed on the Navy’s retired list as an enlisted man. Pursuant to the Act of May 7,1932, 47 Stat. 150,[1] the Navy *621 advanced bim on the retired list to the rank of lieutenant (j.g.), the highest rank in which he had satisfactorily served during World War I. In 1941, he was recalled to active duty as an enlisted man. During this tour of duty, he held the temporary ranks of lieutenant and lieutenant commander because of the directive of the Temporary Promotions Act of 1941. 55 Stat. 603, amended by 60 Stat. 26.
On December 17,1945, a naval retiring board found plaintiff incapacitated for active service by reason of a disability incurred during his temporary appointment as a lieutenant. The proceedings and findings of the board were approved by the President on April 21, 1946 and plaintiff was released from active duty. He was subsequently advanced on the retired list to lieutenant pursuant to section 8(b) of the Temporary Promotions Act, ibid.[2] In December of 1946, he was advanced on the retired list to lieutenant commander, the highest rank at which he had satisfactorily served after recall to active duty.
Since his release from active duty, plaintiff has received retirement pay at the rate of 75 percent of the active duty pay of a lieutenant credited with his length of service. He seeks retirement pay based on the pay of a lieutenant commander, the highest rank in which he served during World War II. His claim is based upon the Pay Eeadjustment Act of 1942,56 Stat. 359, which states at 368:
The retired pay of any officer of any of the services mentioned in the title of the Act who served in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918, hereafter retired under any provision of law, shall, unless such officer is entitled to retired pay of a higher grade, be 75 per centum of his active duty pay at the time of his retirement.
Plaintiff meets the requirement of military service prior to November 12,1918. His release from active duty constituted a “re-retirement” sufficient to meet the Act’s demands. *622 See, e.g., Carroll v. United States, 117 Ct. Cl. 53, 81 F. Supp. 268 (1948); Danielson v. United States, 121 Ct. Cl. 533, 102 F. Supp. 575 (1952); Sherfey v. United States, 141 Ct. Cl. 307, 157 F. Supp. 936, cert. denied 357 U.S. 926 (1958). He does however fail to meet the crucial requirement that his retirement be as an officer. Jones v. United States, 151 Ct. Cl. 119, 282 F. 2d, 906 (1960), cert. denied 365 U.S. 880 (1961); Hoag et al. v. United States, 162 Ct. Cl. 198 (1963); Wilson et al. v. United States, 162 Ct. Cl. 208 (1963); Denny et al. v. United States, 162 Ct. Cl. 640, cert. denied 375 U.S. 952 (1963). The fact that plaintiff held the temporary rank of an officer is of no value for the purposes of this statute. For a temporary promotion must terminate at a date no later than one’s final day of active duty. And upon this termination of the temporary appointment, the party resumes his permanent status if active or returns to the retired or inactive status previously held. Jones v. United States, supra, 151 Ct. Cl. at 123-124. And plaintiff’s previous status was his position when he retired in 1934. That was the status of an enlisted man, not an officer. His advancement on the retired list to lieutenant (j.g.), pursuant to the Act of May 7,1932, supra, in no way operated to change his status for the purposes of this Act. It only meant that he was an enlisted man holding an honorary officer’s rank on the retired list. Denny v. United States, supra at 645.
His post-World War II advancements on the retired list also do not qualify as retirement as an officer for the purposes of the Pay Keadjustment Act. Advancement to and classification in the rank of an officer on the retired list is a transaction separate from reversion to inactive status and it occurs “only because of the statutory allowance that' [plaintiff] would have, after resuming inactive status, the highest temporary active rank held.” Jones v. United States, supra, 151 Ct. Cl. at 124. Also, Denny v. United States, supra; Hoag v. United States, supra; Wilson v. United States, supra. Thus the fact that retirement and advancement are not a single transaction means that plaintiff was “re-retired” as an enlisted man and then advanced to officer status on the retired list in recognition of his temporary service as an officer.
*623 His advancement on the retired list because of Ms service-incurred disability also does not satisfy the Act and qualify blm for additional retirement pay. Disability advancement is to be treated not unlike other advancements. The fact that plaintiff was retired and placed on the retired list on •the same date[3] does not mean that he was retired as an officer. The closeness of time does notMng to change the principle that retirement and advancement are two distinct areas. A listing as an officer on a retired list does not mean that a person was retired as an officer, not even if both activities took place at the same time.
Therefore, plaintiff’s motion for summary judgment is denied, defendant’s motion for summary judgment is granted, and plaintiff’s petition is dismissed.

 The Act of May 7, 1932 reads: “* * * [A]ll warrant officers and enlisted men who served in the Army, Navy, Marine Corps, or Coast Guard of the united States during the World War or the Spanish-American War, and whose service during such war was creditable, and who have been or hereafter may be retired according to law, shaU on the date of approval of this Act or upon retirement in the case of those now on the active lists of the services named herein, be advanced in rank on the retired list to the highest commissioned, warrant, or enlisted grade held by them during such war: Provided, That nothing in this Act shall entitle any of the personnel described herein, while on active duty, to any other rank than that in which they were serving at the time of retirement: And provided further, That no increase in active or retired pay or allowances shall result from the passage of ihis Act.”

 This section provides: “An officer or enlisted man of tlie retired list of tie Regular Navy or Marine Corps who was placed thereon for reasons other than physical disability shall, if he incurs physical disability while serving under a temporary appointment in a higher rank, be advanced on the retired list to such higher rank with retired pay at the rate of 75 per centum of the active duty pay to which he was entitled while serving in that rank.”

 Holland v. United States, 83 Ct. Cl. 376 (1936); Greenwald v. United States, 88 Ct. Cl. 264 (1939).